IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS MAYS,
 Plaintiff,

vs.            Case No: 3:08cv388/RV/EMT

WALTER A. McNEIL, et al.,
 Defendants.
_____/

## ORDER

  Plaintiff initiated this action on September 4, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 12). This cause is now before the court on Plaintiff's "Motion for Certification of the Class" (Doc. 4).

  Plaintiff requests that the court certify his claims as a class action lawsuit (Doc. 4 at 2). Plaintiff names the following potential members of the class: (1) Ronald Moses, DC # X55490; (2) Clarance Whitfield, DC # 008014; (3) Bessman Okafor, DC # 46345; (4) Prophet Paulcin, DC # W11537; (5) Michael Doe, DC # L59837; and (6) "every adult prisoner who are [sic] or will be incarcerated at Santa Rosa C.I." (*id.*).

  Federal Rules of Civil Procedure 23(a) provides the following:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff is proceeding pro se, is unskilled in the law, and has limited access to legal materials. A prisoner proceeding pro se is inadequate to represent the interests of other inmates in a class action. Flymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000) (non attorneys

proceeding pro se cannot adequately represent a class); Hummer v. Dalton, 657 F.2d 621, 625–26 (4th Cir. 1981) (class action status properly denied to pro se plaintiff); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992) (collecting cases); Lawson v. Wainwright, 108 F.R.D. 450, 456 (S.D. Fla. 1986) (one of the two criteria for determining the adequacy of named plaintiff's representation of proposed class under Fed. R. Civ. P. 23(a)(4) is that it appear he "will vigorously prosecute the interests of the class *through qualified counsel*." Citation omitted, emphasis added). It would be plain error for a court to allow a pro se inmate plaintiff to represent others in a class action. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also* Pina v. Horel, 2008 WL 686590 (N.D. Cal. 2008); Hickson v. Burkhart, 110 F.R.D. 177, 178 n.1 (S.D.W.Va. 1986); Inmates, Washington County Jail v. England, 516 F. Supp. 132, 144 (E.D. Tenn. 1980), *aff'd*, 659 F.2d 1081 (6th Cir. 1981). Therefore, the court will deny certification of this case as a class action.

Accordingly, it is **ORDERED**:

Plaintiff's Motion for Certification of the Class (Doc. 4) is **DENIED**.

**DONE AND ORDERED** this 17th day of February 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**