IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURTIS L. MAYS,
    Plaintiff,

v.                                    Case No.: 3:08cv388/RV/EMT

WALTER A. McNEIL, et al.,
    Defendants.
                                /

**REPORT AND RECOMMENDATION**

        Plaintiff initiated this action on September 4, 2008, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (*see* Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 12). This cause is now before the court on Plaintiff's Motion for Preliminary Injunctive Relief, which was also filed on September 4, 2008 (*see* Doc. 2).

        In his "Declaration Preliminary Injunction a Temporary Restraining Order Memorandum of Law" (Doc. 2), Plaintiff contends he is in administrative confinement and unable to defend himself against attacks by Defendants (*id.* at 1–2). Plaintiff states that he is in imminent danger of serious physical injury as long as he remains at Santa Rosa Correctional Institution (*id.* at 2). Plaintiff states that he has established through sworn testimony and documentary evidence that Defendants have retaliated against him in the past and will continue to do so because Plaintiff has filed the instant lawsuit against Defendants (*id.*). As relief, Plaintiff seeks transfer to another correctional facility and "any additional relief this court deems just, proper, and equitable" (*id.* at 4).

        The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group</u>

Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;
2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and
4. The granting of the preliminary injunction will not disserve the public interest.

See CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126.  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

In the instant motion, Plaintiff realleges the facts contained in "paragraphs 1 through 72 of his civil rights complaint" (Doc. 2 at 1).  Plaintiff then states he is likely to show at trial that Defendants violated his rights, he is likely to suffer irreparable harm if he does not receive an injunction, the threat of harm he faces is greater than the harm to Defendants if he receives an injunction, and a preliminary injunction will serve the public interest because he will suffer no further harm (*see id.* at 2). However, this is merely a restatement of the legal standard for granting an injunction.  Furthermore, Plaintiff filed the instant motion in September 2008, and there is no evidence suggesting that Plaintiff has been harmed by Defendants since then, as feared by Plaintiff at the time the instant motion was filed.  Similarly, the facts Plaintiff relies on his complaint concern events alleged to have occurred in late December 2007 and early 2008 (*see* Doc. 1).  Moreover, because the court, by separate order issued on February 9, 2009 (Doc. 14), has required Plaintiff to file an amended complaint and the court cannot predict what alleged constitutional violations his amended complaint will encompass, his request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 2) be **DENIED**.

Case No.:  3:08cv388/RV/EMT

At Pensacola, Florida this 17<u>th</u> day of February 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>United States v. Roberts</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**